IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD F. HALL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 94-951 |
| | ) | |
| BABCOCK & WILCOX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, District Judge.

### MEMORANDUM OPINION and ORDER

On March 2, 2007, I entered a pre-trial Order for the case. (Docket No. 568). At least as early as March 9, 2007, I discussed with counsel a way to more efficiently try the cases, such as common issues. (Docket No. 570). Thereafter, counsel filed proposals for how trial should proceed. (Docket Nos. 598-600, 602). On May 9, 2007, I held oral argument regarding the same. On May 14, 2004, I issued a case management order vacating the March 2, 2007, Order and ordering a trial on general causation. (Docket No. 609). On May 24, Plaintiffs filed a Motion for Reconsideration. (Docket No. 611). Defendants' filed a Brief in Opposition. (Docket No. 612).

To grant a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a manifest injustice stemming from a clear error of law or fact. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999);

1

*North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

> Where the moving party argues that the court overlooked certain evidence or controlling decisions of law which were previously presented, a court should grant a motion for reconsideration only if the matters overlooked might reasonably have resulted in a different conclusion. *Cataldo v. Moses*, 361 F.Supp.2d 420, 433 (D. N.J. 2004). A mere disagreement with the decision does not suffice to show that the court overlooked relevant facts or controlling law. *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D. N.J. 1999). Nor may a motion for reconsideration be used to present new legal theories or arguments which could have been made in support of the first motion. *Federico v. Charterers Mut. Assur. Ass'n*, 158 F.Supp.2d 565, 578 (E.D. Pa. 2001).
>
> Where the basis of the motion for reconsideration is to correct a manifest injustice, the party must persuade the court that not only was the prior decision wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir.1998); *McCloud v. City of Sunbury*, CA No. 04-2332, 2006 U.S. Dist. LEXIS 16560, *4 (M.D. Pa. Apr. 3, 2006). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re Loewen Group*, CA No. 98-6740, 2006 U.S. Dist. LEXIS 200, *4-*5 (E.D.Pa. Jan. 5, 2006), *quoting Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D.Pa.1992). "A district court has considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.*

*Payne v. DeLuca*, No. 2:02-CV-1927, 2006 WL 3590014, *1 -2 (W.D. Pa. Dec. 11, 2006).

Plaintiffs do not set forth this legal standard or address it in any manner, but merely reiterate the arguments raised in their prior brief in opposition to a trial on general

2

causation. (Docket No. 602). Nevertheless, I will consider their argument as one of "manifest injustice."

After a review of the arguments from the parties, I am not persuaded that a manifest injustice will occur by holding a trial on general causation. Consequently, Plaintiffs' Motion for Reconsideration (Docket No. 611) is denied.

After reviewing the submissions of the parties, however, I am concerned that the parties are not on the same page as to the definition of general causation and, hence, what issue will be tried. Thus, to be fair, I will set forth the definition of general causation and how it can be established. Based on the definition of "general causation" set forth in the Federal Judicial Center's *Reference Manual on Scientific Evidence*, second edition, general causation is defined as follows:

> General causation is concerned with whether an agent increases the incidence of disease in a group and not whether the agent caused any given individual's disease. Because of individual variation, a toxic agent generally will not cause disease in every exposed individual.

*Reference Manual on Scientific Evidence*, 2000 (2d ed), p. 392. The Third Circuit sets forth how this can be established in *In re TMI Litigation*, 193 F.3d 613, 643 (3d Cir. 1999).

> [T]he primary basis to link specific cancers with specific radiation exposures is data that has been collected regarding the increased malignancies following exposure to ionizing radiation. In other words, causation can only be established (if at all) from epidemiological studies of populations exposed to ionizing radiation.

Consequently, this is how we will proceed in this trial.

3

I am also mindful of the parties' concern of completing everything necessary to try this general causation issue in early November. As a result, trial on the issue of general causation will begin on January 14, 2008. I will adjust the other pre-trial deadlines accordingly.

Defendants, to alleviate concerns or prejudice, are agreeable to modifications of the May 14, 2007, Order. First, Defendants suggest that we still have the trial on general causation as to uranium, but have a separate, parallel, discovery/trial plan as to plutonium. (Docket No. 612, pp. 7-11). Based on Plaintiffs' concerns on being able to come forward with sufficient evidence for a general causation trial on plutonium, I find Defendants' suggestion for a separate, but parallel case management plan for plutonium cases to be acceptable. I do not, however, find any reason to differ from how the uranium cases are proceeding. To that end, the plutonium cases will proceed with a separate trial on general causation.

Furthermore, Defendants have brought to my attention in their Brief in Opposition that Plaintiffs have refused to provide the list identifying the medical diagnosis of disease for each Plaintiff or decedent, for which Plaintiffs allege that uranium caused that disease. Defendants are entitled to knowledge of said information. Consequently, Plaintiffs' are ordered to provide said information to Defendants by June 29, 2007.

Finally, Defendants request that I amend the May 14, 2007, Order to allow for rolling disclosure of experts to "prevent Defendants from being 'ambushed' by new and previously undisclosed causation theories and unidentified diseases, and allow

reasonable time for Defendants' discovery of Plaintiffs' theories and experts before they are required to disclose responsive witnesses and evidence." (Docket No. 612, p. 11). It is not unusual to have a plaintiff disclose his expert report prior to a defendant disclosing his expert report. As a result, I will amend the May 14, 2007, Order to permit the same.

THEREFORE, this **14th** day of June, 2007, it is ordered as follows:

1. Plaintiffs' Motion for Reconsideration (Docket No. 611) is denied;

2. This Court's May 14, 2007, Order is modified in the following respects:

   a. Plaintiffs are required to submit a list identifying the medical diagnosis of disease for each Plaintiff or decedent, for which Plaintiffs allege that uranium caused that disease, to Defendants by June 29, 2007;

   b. Plaintiffs' expert disclosures pursuant to Rule 26(a), regarding general causation for exposure to uranium, are due on August 10, 2007. Defendants' expert disclosures, regarding general causation for exposure to uranium, are due on August 24, 2007. The parties shall disclose experts who shall offer opinions on behalf of all Plaintiffs in this matter as to general causation of all diseases alleged by any Plaintiffs to have been caused by exposure to uranium. Consequently, any resolution of challenges to the admissibility of expert testimony under Federal Rule of Evidence 702 shall be resolved and binding on all Plaintiffs and all Defendants. Discovery regarding said experts shall conclude on September 4, 2007;

c. On or before September 10, 2007, the parties shall file any *Daubert* motions. Responses to the same are due on September 20, 2007. Replies are due on September 27, 2007. A *Daubert* hearing is scheduled for October 2, 2007, at 9:30 A.M.

d. If any *Daubert* motion is granted in whole or in part, then on or before October 19, 2007, the parties shall file dispositive motions based on the same. Responses to the dispositive motions are due on November 9, 2007. Replies are due on November 19, 2007.

e. Pre-trial Statements are due on October 9, 2007.

f. Any other Motions *in Limine* regarding general causation are due October 15, 2007 and Responses thereto are due on October 29, 2007.

g. Proposed Joint Voir Dire and Joint Jury Instructions are due on November 5, 2007.[1]

h. The trial is scheduled to commence on January 14, 2008, and is limited to the issue of general causation as it relates to uranium;

---

[1] The parties shall meet in an attempt to agree on a joint set of proposed jury instructions. After said meeting, the parties shall file a <u>unified</u> (meaning one) combined set of proposed instructions which includes both agreed upon instructions and proposed instructions to which the parties have agreed. Each agreed upon instruction shall include the following notation at the bottom: "This proposed instruction is agreed upon by the parties." Each instruction to which the parties have not agreed shall indicated at the bottom the name of the party proffering the instruction. Proposed instructions by different parties shall be grouped together. <u>The Court will not accept separate proposed jury instructions from the parties.</u>

i. Plaintiffs' expert disclosures pursuant to Rule 26(a), regarding general causation for exposure to plutonium, are due on November 9, 2007. Defendants' expert disclosures, regarding general causation for exposure to plutonium, are due on November 26, 2007. The parties shall disclose experts who shall offer opinions on behalf of all Plaintiffs in this matter as to general causation of all diseases alleged by any Plaintiffs to have been caused by exposure to plutonium. Consequently, any resolution of challenges to the admissibility of expert testimony under Federal Rule of Evidence 702 shall be resolved and binding on all Plaintiffs and all Defendants. Discovery regarding said experts shall conclude on January 11, 2008. On or before February 8, 2008, the parties shall file any *Daubert* Motions. Responses to the same are due on February 22, 2008. Replies are due on February 29, 2008. A *Daubert* hearing is scheduled for March 3, 2008, at 9:30 A.M. Dates for the filing of dispositive motions, pre-trial statements, motions *in limine, voir dire,* jury instructions and a trial date for the general causation trial as it relates to plutonium shall follow promptly thereafter and will be set at the conclusion of the *Daubert* hearing.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge